R. Wardell Loveland, Esq. – SBN 127736
rloveland@chdlawyers.com
Min K. Kang, Esq. – SBN 246904
mkang@chdlawyers.com
**CODDINGTON, HICKS & DANFORTH**
**A Professional Corporation, Lawyers**
555 Twin Dolphin Drive, Suite 300
Redwood City, CA  94065-2133
Tel.: 650.592.5400
Fax: 650.592.5027

**ATTORNEYS FOR** Plaintiff
Progressive Select Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE SELECT INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>vs.<br><br>ELVA SALDANA AND DOES 1-50,<br><br>            Defendant, | Case No.<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>(1) Declaratory Relief<br>(2) Specific Performance |

   COMES NOW, plaintiff Progressive Select Insurance Company ("Plaintiff" or "Progressive"), and for their complaint against defendants, and each of them, alleges and avers as follows:

## JURISDICTION

   1.   This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

## PARTIES

   2.   Plaintiff, Progressive Select Insurance Company is an Ohio corporation with its principal place of business in the State of Ohio that writes and provides, among other things, personal automobile liability insurance.

1

3. Upon information and belief, defendant Elva Saldana ("Saldana" or "Defendant"), is an individual who is now and at all times mentioned in this complaint a resident of San Bernardino County, California.

4. The true names and capacities of defendants sued herein as DOES 1 to 50, inclusive, whether individual, corporate, business association, partnership, joint ventures, or otherwise acting in concert with Defendant are currently unknown to Plaintiff. When Plaintiff ascertains the true names and capacities of said defendants, Plaintiff will ask leave of this Court to amend this complaint and insert said actual names and capacities in place and instead of said DOE defendants. Plaintiff is informed and believes, and based thereon alleges, that each DOE defendant is in some manner liable to Plaintiff for damages as herein set forth.

5. At all relevant times mentioned herein defendants, and each of them, were the agents, servants, employees, employers, joint-venturers, general partners, limited partners, co-conspirators, parent companies of wholly owned subsidiaries, holding companies, management companies, guarantors, and/or principals of each of the remaining defendants, and each of them, and all conduct, acts, omissions, contracts, agreements and/or ratifications made by defendants, and each of them, were made in the course and scope of said agency, employment, venture, partnership, conspiracy, parent company of wholly owned subsidiaries relationship, holding company relationship, guarantor relationship, and with the authorization, consent and/or ratification of the conduct of each of their co-defendants by and through their respective officers, directors, managing agents, agents, employees, employers, joint-venturers, general partners, limited partners, and/or co-conspirators.

## **VENUE**

6. This litigation is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of the parties and the amount in controversy.

Complaint
Case No:

942178

7. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district. This action arises out of an auto accident that took place in this District. More specifically, the accident took place in Los Angeles County. Defendant, at all relevant times, is or was a resident of San Bernardino County. Therefore, venue is proper in the Central District pursuant to 28 U.S.C. § 1391.

8. The amount in controversy in this matter exceeds $75,000.00. Progressive seeks declaratory relief and a judicial determination that Progressive and Saldana entered into a settlement agreement as to Saldana's personal injury claims against Progressive's insured and release of the insured in exchange for Progressive's payment of the insured's policy limits, and that Saldana breached such settlement agreement in her ongoing and improper pursuit of extracontractual claims. Progressive also seeks Saldana's specific performance of her obligations pursuant to the settlement agreement and associated release.

## FACTUAL ALLEGATIONS

9. The underlying vehicle accident occurred on February 8, 2022 on Las Tunas Drive in the City of Arcadia, County of Los Angeles, in California. Progressive's insured, Nan Ying (also known as "Vicky") Li, was operating a 2021 BMW (the "vehicle") while Saldana was driving a 2017 Hyundai Sonata when the two cars collided. Saldana sustained injuries in the subject auto accident. At the time of the accident, Progressive insured Vicky Li under an auto policy (the number of which is known to defendants and each of them) that had policy limits for bodily injury liability known to defendants and each of them.

10. On or about November 4, 2022, Saldana made a written settlement demand to Progressive for her bodily injury claims in exchange for the policy limits for Progressive's insured, Nan Ying/Vicky Li, and release of the insured. The November 4, 2022 demand expressly identified "your insured" as "Nan Ying Li" no

less than five times. Through her counsel's November 4, 2022 letter, Saldana demanded that Progressive must accept the offer in writing by November 14, 2022; must provide "a copy of the complete insurance policy that covers your insured at the time of the accident" including declarations pages; must include a Declaration of Assets, which was attached to the demand, "signed by your insured"; must provide "the proposed release and other closing documents for [Saldana's attorneys'] review not later than **November 14, 2022** 5:00 p.m."; and must involve a "prompt exchange of the settlement draft made payable jointly and only to [Saldana and her attorneys' firm], for the fully executed release and settlement documents following [her attorneys'] review". The demand letter stated that Saldana's medical treatment bills totaled $18,475.00 to date, and attached some medical records and bills.

11. On or around November 11, 2022, Progressive sent a letter to Saldana's attorney, stating that it was accepting the policy limits demand on behalf of Ms. Li as it was authorized and directed to do under the policy of insurance, included a complete copy of Ms. Li's insurance policy with declarations pages, included Ms. Li's signed Declaration of Assets that was attached to Saldana's demand, and included a proposed settlement release for review. The letter also advised that the settlement check would be mailed to the attorneys' office after receipt of a signed settlement release. Progressive accepted all material terms of the Saldana's demand.

12. Upon Progressive's acceptance of Saldana's settlement demand through the issuance of its November 11, 2022 acceptance letter, Progressive and Saldana had a valid and enforceable settlement agreement pertaining to Saldana's personal injury claims against Progressive's insured.

13. Also, on November 14, 2022 at 8:45 a.m., Progressive emailed Lucy Benvenutti and Sofia Boitez of Saldana's attorneys' office, attaching the documents previously sent to Saldana's attorneys on November 11, 2022 that had been sought through Saldana's November 4, 2022 demand. The email also requested return of the executed release for a prompt exchange of the settlement draft.

14. Notwithstanding the valid settlement agreement that Saldana and Progressive reached, Saldana nonetheless improperly refused to acknowledge the valid and enforceable settlement agreement and instead, sent another time-sensitive demand to Progressive for $3,250,000.00 on December 30, 2022. In response, Progressive faxed a letter to Saldana's counsel on January 4, 2023, reminding counsel of the prior, timely tender of the policy limits accompanied with all of the materials requested by Saldana's November 4, 2022 demand letter. Progressive's letter also again advised that payment would be issued upon receipt of Saldana's executed release.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### *Declaratory Relief*

15. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in the preceding paragraphs, as though fully set forth herein.

16. An actual and justiciable controversy exists between the parties.

17. On the one hand, Plaintiff contends that a valid and enforceable contract resolving Defendant's bodily injury claims against the insured exists. On the other hand, Defendant believes that there is no such valid and enforceable agreement.

18. As such, a judicial declaration is required that an enforceable settlement agreement exists for Defendant's personal injury claims against Plaintiff's insured.

19. Plaintiff thus requests a judicial declaration with respect to the rights and obligations of the parties under the settlement contract and associated release.

## SECOND CAUSE OF ACTION

### *Specific Performance*

20. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in the preceding paragraphs, as though fully set forth herein.

21. On or about November 11, 2022, Plaintiff and Defendant entered into a settlement agreement for which Defendant agreed to settle her bodily injury claim

against Plaintiff's insured and release the insured in exchange for Plaintiff's payment of the insured's policy limits.

22. At the time Plaintiff and Defendant entered into the settlement agreement, the consideration Plaintiff was willing to pay under the settlement agreement was adequate and the settlement agreement is just and reasonable as to Defendant, as is the agreed upon settlement value at the time the parties reached an agreement.

23. Within the time prescribed by the settlement agreement, as described in Defendant's settlement demand, Plaintiff agreed to pay and tendered the full consideration called for in the agreement and continues to be ready, willing and able to issue the consideration to the Defendant.

24. Plaintiff has demanded that Defendant release Plaintiff's insured for liability for Defendant's personal injuries under the terms of the settlement agreement that the parties have reached.

25. Defendant has refused and continues to refuse to release her personal injury claims against Plaintiff's insured irrespective of the required terms of the settlement agreement, as stated in Defendant's settlement demand.

26. Plaintiff has no other adequate remedy at law to enforce the provisions of the parties' settlement agreement other than the specific enforcement of the settlement agreement.

27. Plaintiff is entitled to specific performance of the terms, conditions and provisions of the settlement agreement by court decree, among other things, ordering Defendant to complete the release of her personal injury claims against Plaintiff's insured.

## **PRAYER FOR RELIEF**

WHEREFORE, Progressive prays for judgment against defendants, and each of them, as follows:

///

Complaint
Case No:

942178

**ON THE FIRST CAUSE OF ACTION:**

  A. For a judicial declaration that there is a valid and enforceable settlement agreement and release as to Saldana's personal injury claims against Progressive's insured; and

  B. For a judicial declaration with respect to Progressive's rights as provided for in the enforceable settlement agreement and release.

**ON THE SECOND CAUSE OF ACTION**

  A judicial court decree ordering specific performance of the terms, conditions and provisions of the parties' settlement agreement, among other things, ordering Saldana to complete the release of her personal injury claims against Progressive's insured in exchange for the amounts demanded and tendered.

**ON ALL CAUSES OF ACTION**

  A. For pre-judgment interest;

  B. For costs of suit; and

  C. For such other and further relief as the Court may deem just and proper and as the interests of justice may require.

Dated: May 30, 2023

CODDINGTON, HICKS & DANFORTH

By: /s/ Min K. Kang
R. Wardell Loveland
Min K. Kang
Attorneys for Plaintiff
Progressive Select Insurance Company